## Sewall License

*Jamison & Jones*, for appellant.

*Sherman K. Levine*, for Commonwealth.

LAMOREE, J., November 6, 1953.—This matter is before the court on an appeal by defendant from an order of the Director of Highway Safety for the Secretary of Revenue, suspending defendant's motor vehicle operating privileges for a period of 90 days.

A hearing was held in open court and from the evidence there produced the court makes the following

### Findings of Fact

1. Russell C. Sewall, aged 42 years, resides in New Wilmington, Lawrence County, Pa., where he conducts a merchandising business.

2. Defendant has driven and operated motor vehicles for the past 26 years, and was involved in only one minor traffic violation during that period of time.

3. On November 27, 1952, at about 12:30 p.m. defendant was operating his motor vehicle on the Pennsylvania Turnpike west of the Beaver Valley Interchange near mile post number 23 at the rate of 70 miles per hour.

4. At or near mile post 23, on the date and at the time hereinbefore set forth defendant was stopped and arrested for driving at the rate of 70 miles per hour on a portion of the turnpike where the speed limit was 50 miles per hour.

5. At the time of arrest, the weather was clear, highway dry and straight for some distance and the traffic was light.

6. Defendant's only alleged violation was driving at the rate of 70 miles per hour.

7. The portion of the Pennsylvania Turnpike west of the Beaver Valley Interchange had been opened for public use for somewhat over a period of one month prior to November 27, 1952, and road markings and speed had not yet been completely installed.

8. The maximum speed limit on the older portion of the turnpike was 70 miles per hour except where restricted for reasons of safety.

9. Defendant had driven frequently over the older portion of the turnpike and was familiar with the 70-mile-per-hour speed limit but had not driven on the new portion of the turnpike and did not know of the 50-mile-per-hour regulation.

10. The newly opened portion of the turnpike was not properly nor adequately marked on November 27, 1952, so as to inform persons unfamiliar therewith that there was a speed restriction of 50-mile-per-hour thereon.

11. Defendant did not knowingly violate a provision of The Vehicle Code as to speed, and immediately prior to his arrest had been operating his motor vehicle with due care and at a speed not excessive under the circumstances.

## Discussion

This case is readily distinguishable from those cases where suspension of operating privileges is properly and justly invoked. This is not a case of deliberate and wanton violation of The Vehicle Code's provisions regulating speed. There is certainly no evidence of a dangerous and wantonly reckless operation of a motor vehicle so as to endanger the lives and property of others. Nor is there to be found in the evidence any indication of even thoughtless negligence which so often carries with it injury and damage to oneself or to others.

To the contrary, it appears to the court that defendant, being unfamiliar with a newer portion of an older highway, was merely operating his motor vehicle in strict conformity with the regulations and speed limits in force on the older portion of the highway. The fact that proper and adequate markings and signs had not yet been erected along the newer portion of the highway was certainly not the fault of defendant and under these circumstances he ought not to be categorically punished for violating a new regulation, of the existence of which he was unaware and certainly uninformed.

We are accordingly entering the following

## Order

Now, November 6, 1953, defendant's appeal is sustained, and the order of suspension of defendant's operating privilege by the Director of Highway Safety for the Secretary of Revenue, dated June 25, 1953, is hereby reversed and defendant's operating privilege is directed to be restored forthwith. Costs to be paid

540

by defendant and a certified copy hereof to be forwarded to the Secretary of Revenue, Harrisburg, Pa.